34 C.C.P.A.(Patents)

## KENOSHA FULL FASHIONED MILLS, Inc., v. ARTCRAFT HOSIERY CO.
### Patent Appeal No. 5288.

Court of Customs and Patent Appeals.
May 20, 1947.

Beekman Aitken, of New York City, for appellant.

Leon Edelson, of Philadelphia, Pa., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

The appellant, hereinafter referred to as the applicant, applied to the United States Patent Office for the registration of its trade-mark, "Edgecraft."

The appellee, hereinafter referred to as the opposer, opposed said registration upon the ground that since its goods and the goods of the applicant were identical (hosiery) there was a likelihood of confusion between the "Edgecraft" trade-mark and its mark, "Artcraft."

The opposer was senior and the sole question before the tribunals of the Patent Office was whether or not the marks were sufficiently similar, when used on identical goods, so as to be likely to cause confusion within the meaning of the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq.

The Examiner of Trade-Mark Interferences concluded that the concurrent use of the respective marks by the respective parties upon such identical goods would be likely to lead to such confusion and accordingly sustained the notice of opposition and held that the applicant was not entitled to the registration sought.

Upon appeal to the Commissioner of Patents, the decision of the Examiner of Interferences was affirmed. In his decision (66 U.S.P.Q. 262), the commissioner in part said:

"Substantially applicant's entire argument on appeal is directed to the proposition that the word 'craft,' as applied to hosiery, is merely descriptive. Upon the premise that a descriptive word cannot dominate the marks, applicant thus maintains that purchasers of hosiery would look to the words 'Edge' and 'Art' as indicia of origin; and because these words are dissimilar, applicant insists that the marks as a whole are not likely to be confused.

"The manner in which applicant has dissected the marks finds some support in recent decisions of the United States Court of Customs and Patent Appeals, and the argument advanced would be persuasive were I convinced that 'craft' is descriptive. However, I am not so convinced. A number of registrations were introduced by applicant to show, it is said, that 'the Patent Office has long considered the word "craft" as descriptive and that no exclusiveness is obtainable therein.' These registrations would seem to be incompetent for the purpose offered. Marshall Field & Co. v. R. H. Macy & Co., 115 F.2d 921, 28 C.C.P.A., Patents, 807. But in any event, since the word 'craft' is disclaimed in none of them, they would not tend to establish applicant's point.

"The examiner of interferences expressed the opinion that as a part of the marks in question, the word 'craft' is 'no more than suggestive of the claimed excellence of the products of the parties;' and I am constrained to agree with him. I am aware that 'Master-Craft' was held to be descriptive of suits and overcoats in Ex parte Hershberg & Co., 184 O.G. 806, 1912 C.D. 364; that 'Mastercraft' was held to be descriptive of granite monuments in Ex parte H. P. Hinman Co., 156 Ms.D. 948; and that 'Blindcraft' was held to be descriptive of products made by the blind in San Fransico Association for Blind v. Industrial Aid for Blind, Inc., D.C., 58 F. Supp. 995, 65 U.S.P.Q. 267. However, each of those complete marks, to borrow the language of District Judge Hulen in the case last cited, is a 'consistent natural descriptive term.' On the other hand, the marks 'Edgecraft' and 'Artcraft,' like the trade-mark 'Farmcraft' considered in Henry Muhs Co. v. Farm Craft Foods, Inc., D.C., 37 F.Supp. 1013, 49 U.S.P.Q. 162, are 'artificial, not descriptive, * * * a tie of two entirely different words which have no natural but only a forced association.' And considering the nature of the merchandise to which they are applied, these marks are too nearly alike to be used

concurrently without a reasonable likelihood of resulting confusion."

We are in entire accord with the decision of the commissioner.

■ It is stated that the prefix "Edge" was adopted as part of applicant's mark for hosiery for the reason that it is the surname of the president of the applicant corporation. We do not see where this fact has any effect whatsoever upon the decision of the sole issue at bar. It does, however, serve to disclose the reason why applicant adopted a mark so nearly resembling that of the opposer, and of course is intended to negative any contention that the applicant was in bad faith attempting to profit by any confusion that might result from the concurrent use of the two marks.

■■ The suffix "craft" is not descriptive within the meaning of trade-mark law, but even if it were the mark as a whole is not descriptive, and the mark must be considered as a whole. True enough, it has been so frequently held as to require no discussion here that in considering a mark it is proper to take into consideration portions which may be regarded as descriptive and which fall into the realm of that which is publici juris upon the theory that such a suffix ordinarily would not be of a character which could serve to indicate origin of the goods as much as other portions of the mark.

Applicant's main contention here is that "craft" is descriptive and that the words "Art" and "Edge" are sufficiently dissimilar so that in the concurrent use of the two marks there would be no likelihood of confusion. Applicant relies upon numerous decisions of this and other courts and in effect argues that we must wholly ignore the term "craft" and pass upon the issue as to whether or not "Art" and "Edge" are similar.

■ As did the commissioner, we view the marks as a whole, and it seems to us that there would be great likelihood of confusion resulting from the concurrent use of the marks "Artcraft" and "Edgecraft" upon hosiery.

The opposer has pointed out in its brief the following, which we think properly expresses the situation with reference to the similarity of the marks:

"The applicant's proposed trademark Edgecraft' is so nearly alike in sound and appearance to the opposer's registered trademark 'Artcraft' that their concurrent use on goods of the same kind will inevitably result in confusion in the mind of the purchasing public. The word 'craft' commonly appears in both marks. Further, both marks are written as one word of two syllables, the syllable 'craft' in each case being in the same relation and having the same emphasis with respect to its associated first syllable. Moreover, the first syllables of the two marks are quite similar in sound and appearance, both being short nouns having vowel beginnings which make for a sharp pronunciation thereof. Finally, when these first syllables are respectively combined in a single word form with the identical ending syllable 'craft,' the similarity in sound and appearance of the trademarks in issue becomes striking indeed.

" 'Flametex' 'Opal-Tex' and 'Fir-Tex,' have each been held to be confusingly similar to 'Celotex,' this in spite of the fact that numerous trademark registrations ending with the suffix 'Tex' had been effected in the same class of goods, such as 'Hy-Tex,' 'Unitex,' 'Walltex,' etc."

■ The Patent Office tribunals in this case also applied the so-called rule of doubt, and we think properly so, although we do not regard it as a close case.

■ As before stated, certain decisions of this and other courts are relied upon by both parties hereto, which decisions involve trade-marks with either descriptive suffixes or prefixes, or terms that are in very common use, but an examination of the cases referred to will show factors in each not involved here. Moreover, it has been said too frequently to require citation of authorities that in trade-mark cases, where the issue involves a decision as to whether or not there is such similarity of marks as to be likely to result in confusion, the holdings in other cases are not always helpful, since each case must be considered upon its own statement of facts. True enough, the citation of cases sometimes is helpful for the purpose of determining general principles

which have been adopted by the courts, but such principles have little application here to the sole, simple issue presented.

The opposer has cited a number of cases holding that, under the ·stated facts, there was likelihood of confusion, which holdings the opposer thinks have application here. Some of them are as follows: Celotex Co. v. Bronston Bros. & Co., Inc., 49 F.2d 1048, 18 C.C.P.A., Patents, 1490, involving the marks "Flametex" and "Celotex"; Celotex Co. v. Chicago Panel-Stone Co., 49 F.2d 1051, 18 C.C.P.A., Patents, 1504, involving "Opal-Tex" and "Celotex"; Celotex Co. v. Millington, etc., 49 F.2d 1053, 18 C.C.P.A., Patents, 1484, involving "Fir-Tex" and "Celotex"; Celanese Corporation of America v. Vanity Fair Silk Mills, 47 F.2d 373, 18 C.C.P.A., Patents, 958, involving "Celanese" and "Silkenese"; and Skelly Oil Co. v. Powerine Co., 86 F.2d 752, 24 C.C.P.A., Patents, 790, involving "Powermax" and "Powerine."

Although ·these cases tend to support the opposer's contention herein we do not find it necessary to rely upon them particularly in arriving at the conclusion that the marks "Edgecraft" and "Artcraft" are so similar that when used concurrently upon hosiery confusion would .be likely to result.

The decision of the commissioner affirming that of the examiner which sustained the opposition to the registration of applicant's mark is affirmed.

Affirmed.